Frank T. Peck et al v. Champlin H. Spencer—Opinion of Court.

FRANK T. PECK ET AL., APPELLANTS, VS. CHAMPLIN H. SPENCER, APPELLEE.

1. The bill alleges that complainant has caused a suit to be instituted in the name of the State of Florida, upon complainant's relation against B., to test the alleged election of B. as Mayor of the town of D., and that complainant is a tax-payer of the town, and with the other tax-payers of said town, is interested in having the funds of the town applied exclusively for legitimate purposes, and that the town council of D. have authorized B., acting Mayor, to employ counsel, at the expense of the corporation, to defend said suit: *Held,* that the allegations of the bill are sufficient to grant preliminary injunction upon.

2. An application for rehearing upon an order to vacate an order dissolving an injunction, under Rule 90, Equity Practice Circuit Courts, must be by petition, but when such application is upon motion, and there is no objection to the mode of the application in the lower Court, and the objection is first made in the Appellate Court, the objection comes too late. A failure to object at the proper time was a waiver of the objection.

3. It is not error after a bill has been filed and temporary injunction granted, and an order granted vacating the order grant-

ing the injuction, and without refiling the bill, to grant an injunction upon the bill as originally filed, the bill still being on file, and the case being still under the control of the Court.

4. An application of the funds of a town, derived from taxation, for purposes beyond the purview of municipal grant, is a wrongful appropriation of the funds held in trust for the taxpayers and people to pay the ligitimate expenses of the town, and is null and void, and resident tax-payers have the right to invoke the interposition of a Court of Equity to prevent an illegal disposition of the moneys of the corporation, or the illegal creation of a debt which they, in common with other property holders, may otherwise be compelled to pay.

Appealed from the Circuit Court for Volusia County.

The facts of the case are stated in the opinion of the Court.

*Doggett & Buckman* for Appellants.

*Hamlin & Stewart* for Appellee.

MITCHELL, J: On the 3d day of January, 1889, the appellee filed his bill in the Circuit Court of Volusia County, against the appellants, and, among other things the bill alleges (substantially):

That at an election held in and for the town of Daytona, July 24, 1889, at which a Mayor, Councilman and Treasurer were to be elected, and that the complainant and one Courtland Buckman, were candidates for the office of Mayor of said town, and the election so held was illegal.

That the complainant has caused a suit to be instituted in the name of the State of Florida, upon complainant's relation, against the said Buckman, to test the legality of said election, and that the complainant is a tax-payer in

said town, and with the other tax-payers thereof, is interested in having the funds of the town applied exclusively for legitimate purposes.

That the town council of the said town have authorized the said Buckman, acting Mayor, to employ counsel at the expense of the corporation, to defend said suit and threatened suits against the Councilmen and Treasurer of said town.

The prayer of the bill is for an injunction restraining said town authorities from expending the funds of the town in defending such suits.

Upon filing the bill and affidavits, a preliminary injunction was granted as prayed.

Afterwards, on September 16, 1889, upon motion of respondents and affidavits filed by them, the injunction was dissolved. On the 17th day of the same month, upon motion of the complainant, and after hearing argument, the Court granted an order vacating the order of September 16th dissolving the injunction, and reinstating the injunction. On the same day (September 17th), solicitors for respondents filed their objections and exceptions to the granting of the order vacating the order dissolving the injunction, and granting the injunction.

The objections and exceptions to the rulings of the Court were:

That the bill sets up no title to such relief in the complainant,

That it is not properly sworn to.

That this Court has no jurisdiction of such matters.

That there is no reason for the interference of a Court of Equity herein, or the granting of such a writ.

That the bond is too small.

This motion was overruled, and respondents appealed, and have filed the following assignment of errors:

1. That the Judge erred in permitting the filing of the bill in said cause.

2. That the Judge erred in entertaining said cause, and in granting the restraining order of September 2, 1889.

3. That the Judge erred in granting the order of September 17, 1889, vacating the order previously and solemnly made by him on the 16th day of September, 1889, dissolving the restraining order granted by him on September 2, 1889.

4. That the Judge erred in refusing to grant the motion of September 17, 1889.

5. That the Judge erred in receiving, filing and approving the paper called an injunction bond, on September 17, 1889.

6. That said Judge erred in granting the restraining order of September 17, 1889.

7. That said Judge erred in refusing the motion to dissolve the restraining order granted on September 17, 1889.

As to the first assignment of error, we are unable to comprehend the reasoning of counsel for appellants in their contention that the Court erred in allowing the bill filed, because, under the statute, the bill had to be filed before the granting of the injunction, and the Judge could have known nothing of the bill before it was filed, and could, therefore, have committed no error, as he had no control over the bill until it was filed.

Second, we see no error in granting the preliminary injunction. There is enough in the record, we think, to show that before the restraining order was granted, the bill had been filed, and that the allegations of the bill were sufficient to grant the order upon. It is urged that the bill was not

properly sworn to, the affidavit being upon information and belief, but this is not tenable. The affidavit is, "that Champlin H. Spencer, hearing the bill read and knowing the contents thereof, and that the same is true of his own knowledge, except as to the matters therein stated on information and belief, and as to those matters he believes it to be true." All the allegations of the bill are upon the knowledge of the complainant, except as to the alleged illegal appropriation of the town funds, and as to this allegation, complainant filed the affidavit of R. B. Woolseley, and what purports to be a transcript of the record of the proceedings of the Town Council of Daytona, showing that the said Council had appropriated the sum of two hundred dollars to defend the suits against the town authorities, for the purpose of showing the information upon which he based his information and belief in regard thereto. And the affidavit, when coupled with this evidence, is in strict compliance with the statute in such cases.

It is contended, that the Court below erred in granting the order vacating the order dissolving the injunction upon mere motion.

Rule 60, equity practice in the Circuit Courts, requires all applications for rehearing to be by petition, and as the application in the case under consideration was upon motion, if the respondents had objected in the Court below upon the ground that the application for rehearing was upon motion, instead of petition, the objection would have been decisive of the case. But this objection was not made in the Court below, and in failing to make the objection at the proper time, the respondents waived it. The objection comes too late when, as in this case, it is made for the first time in the Appellate Court.

It is further contended that the Court erred in granting

the injunction, after the order of the 16th of September, 1889, dissolving the injunction, without again filing the bill, but in this we do not agree with counsel for appellants. A bill has been filed, it was still on file, and the case was still under the control of the Court, it had not been finally disposed of, and there was, under the circumstances, no error in the Court treating the bill as filed.

As to the alleged illegality of said election, we express no opinion; that question cannot be raised by injunction·

There is but one other question to be considered, which is, did the Court below err in granting the order prohibiting the application of the corporation funds to the payment of the expenses of said suits? We think not. It is contended for counsel for appellants, that municipal corporations have the right to sue and be sued, to employ counsel to bring and defend suits, to protect its officers, and to indemnify them against acts done in the discharge of their duty, and cite McClellan's Digest, 247; 13 Cal., 531; 1 Dillon on Municipal Corporations, Section 98; 12 N. H., 278; 14 Gray, 340; 8 R. I., 431; 6 Vt., 95.

This contention is partly correct, and it is supported by the authorities cited. The right of a corporation, when it is interested, to sue and defend suits is indisputable, and that municipal officers will be protected so long as they keep strictly within the discharge of their duties, is equally true; but all corporations, whether public or private, derive their powers from legislative grant, and can do no act for which authority is not expressly given, or may not be reasonably inferred. 1 Dillon on Municipal Corporations, Section 90. And now, admitting the right of corporations to sue and to defend suits, and to protect their officers in the lawful discharge of their duties, to be correct, still, where did the Town Council of Daytona derive their powers

to appropriate money in the defense of contested elections, in the result of which, the corporation had no pecuniary interest whatever? Such power is not given in its charter, either expressly or by reasonable implication. These contests are personal, and the corporation can have no interest in the result, and an appropriation to pay any one of the parties the expenses he may be put to, is without legal authority.

An ordinance, making an appropriation of the funds of a town or city, derived from taxation, for purposes wholly beyond the purview of municipal grant, is a wrongful appropriation of the funds held in trust for the tax payers and people to pay the alimony and legitimate expenses of the town or city, and is, in short, *ultra vires,* null and void. Resident tax-payers have the right to invoke the interposition of a Court of Equity to prevent an illegal disposition of the moneys of a municipal corporation, or the illegal creation of a debt which they, in common with other property holders, may otherwise be compelled to pay. 10 Am. and Eng. Encyclopædia of Law, 962, and numerous authorities there cited; Lanier vs. Padgett, 18 Fla., 842; Cotten et al. vs. County Commissioners of Leon County, 6 Fla., 610; Murphy vs, City of Jacksonville, 18 Fla., 318.

The judgment of the Court below is affirmed.