455 So.2d 584 (1984)
Sharon T. FORNES, Appellant,
v.
NORTH BROWARD HOSPITAL DISTRICT, a Special Tax District, Appellee.
No. 83-947.
District Court of Appeal of Florida, Fourth District.
September 5, 1984.
Rehearing Denied October 3, 1984.
James C. Pilkey of Taylor, Brion, Buker & Greene, Miami, and John L. Korthals of Musselman, Rhinehardt, Welch & Korthals, Pompano Beach, for appellant.
William Zei of Gibbs & Zei, P.A., Fort Lauderdale, for appellee.
DOWNEY, Judge.
The narrow question presented by this appeal is whether a taxpayer has standing to sue to enjoin an alleged illegal expenditure of public funds by a taxing district that will result in an increased tax burden to the taxpayer. The trial court implicitly answered the question in the negative and *585 the taxpayer has perfected this appeal. We reverse.
Appellee, North Broward Hospital District, is a special tax district in Broward County. Through its appointed commissioners, the District operates certain hospitals in Broward County. To finance the building, expansion, operation and maintenance of these hospitals, the appointed commissioners levy taxes against property owners residing in their district. Appellee, Sharon T. Fornes, owns property within the taxing district and pays taxes to the District.
The District decided to expand North Broward Hospital. Pursuant to its charter, all contracts for construction of improvements in excess of five thousand dollars may be approved only after competitive bids have been sought from at least three different sources. In an attempt to comply with this requirement, the District developed specifications for the expansion project and invited bids from the public. In her complaint, Fornes alleges that the specifications were drawn so as to permit favoritism and collusion and stifling of the competitive bidding process required under the district charter, all of which prevented the project from being completed at the lowest possible cost to the taxpayers. The District moved to dismiss the complaint on the grounds that Fornes' allegations that she was a resident and a taxpayer within the taxing district and that her tax burden would be increased by the alleged actions of the District were insufficient to state a cause of action. The District alleged that for Fornes to have standing to sue it was necessary that she allege some special injury or that the proposed expenditure under the circumstances violated the Florida Constitution. Simultaneously with the filing of the complaint, Fornes filed a motion for preliminary injunction alleging the increased tax burden that would result to her from the District's illegal act in violating the competitive bidding procedure. The trial court granted the motion to dismiss upon authority of Godheim v. City of Tampa, 426 So.2d 1084 (Fla. 2d DCA 1983), and Fornes has perfected this appeal.
Although there are numerous cases in Florida involving a taxpayer's suit to prevent the illegal expenditure of public funds, at the present time there appears to be some uncertainty regarding the requirements for standing to bring such a suit. That uncertainty is well presented by the majority and dissenting opinions in the Godheim case relied upon by the trial court. Since all of the arguments pro and con are present therein, we will not unduly belabor the point here. Suffice to say, we are persuaded by the dissenting opinion authored by Judge Lehan because it is supported by a long line of Florida Supreme Court decisions holding that a taxpayer has standing to sue to prevent the illegal expenditure of public funds where he alleges that such expenditures will increase his tax burden. Wester v. Belote, 103 Fla. 976, 138 So. 721 (1931); Robert G. Lassiter & Co. v. Taylor, 99 Fla. 819, 128 So. 14 (1930); Hathaway v. Munroe, 97 Fla. 28, 119 So. 149 (1929); Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205 (1917); Anderson v. Fuller, 51 Fla. 380, 41 So. 684 (1906); Peck v. Spencer, 26 Fla. 23, 7 So. 642 (1890); see also Lewis v. Peters, 66 So.2d 489 (Fla. 1953); Ashcroft v. Melbourne Civic Improvement Board, 232 So.2d 436 (Fla. 4th DCA 1970). In addition, those cases are not inconsistent with the more recent decisions holding that other grounds giving rise to standing in this situation are a) where the attack is based upon constitutional grounds as in Department of Administration v. Horne, 269 So.2d 659 (Fla. 1972) and b) a showing by the taxpayer of some special injury distinct from that suffered by other taxpayers in the district.
The difficulty in determining the present status of the law on this question stems primarily from Department of Revenue v. Markham, 396 So.2d 1120 (Fla. 1981), Department of Administration v. Horne, and Paul v. Blake, 376 So.2d 256 (Fla. 3d DCA 1979), and their interpretation of Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205 (1917). Those cases state that the "Rickman rule" still obtains, but the Godheim majority cites them as support for *586 the position that, in order to have standing, the taxpayer must suffer a special injury distinct from other taxpayers. The Rickman opinion, which has apparently not been overruled, found that an allegation of an increased tax burden fulfills the standing requirement because it constitutes a peculiar injury distinct from other inhabitants.
We are also impressed with the policy arguments that militate in favor of allowing a taxpayer whose burden will be increased by alleged illegal expenditures of public funds to have standing to sue. For example, if an offended taxpayer cannot sue to prevent such activity, who will? Even other bidders may not have standing unless they, too, are taxpayers. Furthermore, an interesting question presents itself, should the enforcement of competitive bidding laws be left solely to the public officials and the bidders?
Being of the opinion that this case involves a question of great public importance, we certify the following question to the Supreme Court of Florida:
Does a taxpayer who alleges that the taxing authority is acting illegally in expending public funds, which will increase his tax burden, have standing to sue to prevent such expenditure, or is it necessary that he suffer some other special injury distinct from other taxpayers (as opposed to other inhabitants) or launch a constitutional attack upon the taxing authority's action in order to have standing?
REVERSED.
ANSTEAD, C.J., and DELL, J., concur.