SHARP, Judge,
concurring in part; dissenting in part.
I agree that the trial court properly dismissed Counts I and IV of the complaint because appellant failed to sufficiently allege standing as a taxpayer to challenge the airline agreements involved in this case,[1] and appellant failed to allege a cause of action for tortious interference with a business relationship in Count II.
I think appellant sufficiently pleaded grounds to challenge the agreements under the Sunshine Law in Count III. § 286.011, Fla.Stat. (1988). The Aviation Authority is a public body to which the Sunshine Law appears applicable. § 286.011(1); Wood v. Marston, 442 So.2d 934 (Fla.1983); Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla.1974). No special standing allegations are necessary for a citizen to bring a Sunshine Law case against a public body. See, e.g., Neu v. Miami Herald Publishing Company, 462 So.2d 821 (Fla.1985). It was, therefore, erroneous to dispose of this count upon challenge by a motion to dismiss.

. Department of Revenue v. Markham, 396 So.2d 1120 (Fla.1981); Compare Fornes v. North Broward Hospital District, 455 So.2d 584 (Fla. 4th DCA 1984) with Godheim v. City of Tampa, 426 So.2d 1084 (Fla. 2d DCA 1983).