476 So.2d 154 (1985)
NORTH BROWARD HOSPITAL DISTRICT, a Special Tax District, Petitioner,
v.
Sharon T. FORNES, Respondent.
No. 66115.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied October 23, 1985.
William Zei of Gibbs and Zei, Fort Lauderdale, for petitioner.
Musselman, Rhinehardt, Welch and Korthals, Pompano Beach, and James C. Pilkey of Taylor, Brion, Buker and Greene, Miami, for respondent.
James R. Wolf, Gen. Counsel, Tallahassee, for Fla. League of Cities.
H. Lee Moffitt and Debra L. Romanello of Moffitt, Hart and Miller, Tampa, for Waste Management, Inc.
Parker D. Thomson, Douglas M. Halsey and Susan H. Aprill, Miami, for Common Cause of Fla.
John H. Rains, III, of Annis, Mitchell, Cockey, Edwards and Roehn, Tampa, and Thomas W. Reese, St. Petersburg, for Manasota '88, Inc.
ALDERMAN, Justice.
We review the decision of the Fourth District Court of Appeal in Fornes v. North Broward Hospital District, 455 So.2d 584 (Fla. 4th DCA 1984), which certified the following question to be of great public importance:
Does a taxpayer who alleges that the taxing authority is acting illegally in expending public funds, which will increase his tax burden, have standing to sue to prevent such expenditure, or is it necessary that he suffer some other special injury distinct from other taxpayers (as opposed to other inhabitants) or launch a constitutional attack upon the taxing authority's action in order to have standing?
Id. at 586. We quash the district court's holding that a taxpayer has standing to challenge the expenditure of public funds by simply alleging that such expenditure will increase her tax burden. Rather, we continue to adhere to precedent and hold that absent a constitutional challenge, a taxpayer must allege a special injury distinct from other taxpayers in the taxing district to bring suit.
Petitioner North Broward Hospital District, a special taxing district, operates certain hospitals in Broward County. To finance the expansion, operation, and maintenance of these hospitals, the appointed commissioners levy taxes against property owners residing in the district. Fornes owns property within the district and pays taxes to the district.
The District decided to expand North Broward Hospital. To comply with its charter requiring that competitive bids from at least three different sources be *155 sought for all construction contracts in excess of five thousand dollars, the District developed specifications of the expansion project and invited bids from the public. Fornes sued the District, alleging that the portion of the specifications relating to the structural precast concrete set forth criteria which effectively limited the number of qualified suppliers and permitted favoritism in the bidding. In her amended complaint, Fornes alleged that the contract was awarded, but, because the specifications eliminated competition and permitted favoritism, the contract award was not the result of lawful competitive bidding procedures and prevented the project from being completed at the lowest possible cost to the taxpayers. Fornes requested a temporary and permanent injunction restraining the District from carrying out the terms of the contract and asked for a rebidding.
The District moved to dismiss on the basis that Fornes did not have standing to sue because she had failed to allege either a special injury distinct from other taxpayers or a constitutional challenge to the taxing statutes at issue. The trial court granted the District's motion to dismiss, citing Godheim v. City of Tampa, 426 So.2d 1084 (Fla. 2d DCA 1983). The Fourth District Court of Appeal reversed and held that Fornes as a taxpayer within the District had standing to sue to prevent the illegal expenditure of public funds by alleging that the expenditure will increase her tax burden but certified the question to this Court.
The District argues that the law in Florida is well-established that in order to challenge government expenditures, a taxpayer must allege and prove a special injury distinct from other taxpayers in the taxing unit and that the only exception to this requirement is where the taxpayer constitutionally challenges the exercise of governmental taxing and spending powers. Fornes responds that the injury she will sustain because of increased taxes is sufficient to confer standing. She contends that this Court has consistently upheld the standing of taxpayers to sue to enjoin the unauthorized or unlawful expenditure of public funds which result in an increased tax burden. Fornes emphasizes that this is an action for violation of competitive bidding laws which were passed to protect taxpayers against collusion between public officials and bidders and urges that the present decision of the district court is in harmony with past taxpayer standing cases.
We disagree with Fornes. Since this Court's decision in Henry L. Doherty & Co. v. Joachim, 146 Fla. 50, 200 So. 238 (1941), we have consistently held that a mere increase in taxes does not confer standing upon a taxpayer to challenge a governmental expenditure. In that case, we stated:
Both parties seem to recognize the rule announced in Rickman v. Whitehurst, et al., 73 Fla. 152, 74 So. 205, that in the event an official threatens an unlawful act, the public by its representatives must institute the proceedings to prevent it, unless a private person can show a damage peculiar to his individual interests in which case equity will grant him succor.
200 So. at 239. An exception to this special injury requirement was established in Department of Administration v. Horne, 269 So.2d 659 (Fla. 1972). In that case, plaintiffs brought suit as taxpayers, alleging the unconstitutionality of certain sections of an appropriations act as violative of constitutional provisions. We stated: "Thus we find that where there is an attack upon constitutional grounds based directly upon the Legislature's taxing and spending power, there is standing to sue without the Rickman requirement of special injury, which will still obtain in other cases." 269 So.2d at 663. More recently in Department of Revenue v. Markham, 396 So.2d 1120 (Fla. 1981), this Court reiterated the standing requirements in this state and held that "[i]t has long been the rule in Florida that, in the absence of a constitutional challenge, a taxpayer may bring suit only upon a showing of special injury which is distinct from that suffered by other taxpayers in the taxing district." Id. at 1121. *156 This Court has refused to depart from the special injury rule or expand our exception established in Horne. See United States Steel Corp. v. Save Sand Key, Inc., 303 So.2d 9 (Fla. 1974).
Fornes has made several policy arguments why a taxpayer should be permitted to attack the legality of a governmental action which increases his tax burden, but these same reasons have been previously rejected by this Court. We find no reason to modify our rule. We agree with the Third District Court of Appeal's language in Paul v. Blake, 376 So.2d 256 (Fla. 3d DCA 1979), which stated:
We recognize that all these standing rules are based on highly debatable policy choices, but they represent, in our view, a reasonable effort to guarantee that the state and counties lawfully exercise their taxing and spending authority without unduly hampering the normal operations of a representative democratic government. We adhere to these rules today because they are based on long-established precedent and seem both reasonable and fair.
376 So.2d at 259-60. In the present case, Fornes does not allege any special injury to her, and consequently, she has no standing to sue to enjoin the District's planned expansion.
Accordingly, we quash the decision of the district court and remand this case for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON and McDONALD, JJ., concur.
EHRLICH, J., dissents with an opinion, in which SHAW, J., concurs.
EHRLICH, Justice, dissenting.
The majority's decision here will only serve to insulate those government officials who ignore or violate the law from accountability to the citizens whose trust they violate. In order to shelter those who breach their oaths of office, the Court recedes from more than a century of case law which recognized taxpayer standing. I agree that the Rickman rule requires a special injury. In 1882, this Court recognized that a taxpayer who will have to provide the funds for government's illegal expenditures has been specially injured.
The complainants, simply as tax-payers, in their own behalf and in behalf of other tax-payers, have a standing which entitles them to a remedy against a threatened wrongful proceeding which might involve them and the whole people of the county in great expense and confusion, and jeopardize the titles to property.
Lanier v. Padgett, 18 Fla. 842, 846 (1882). Nor has the Court heretofore deviated from that position in cases relating to taxpayer standing to protest illegal expenditures.
Resident tax-payers have the right to invoke the interposition of a Court of Equity to prevent an illegal disposition of the moneys of a municipal corporation, or the creation of a debt which they, in common with other property holders, may otherwise be compelled to pay.
Peck v. Spencer, 26 Fla. 23, 29, 7 So. 642, 644 (1890).
Courts of equity have jurisdiction to restrain municipal corporations and their officers from making unauthorized appropriations, or otherwise illegally and wrongfully disposing of the corporate funds to the injury of property holders and tax-payers in the corporation, and a bill for this purpose is properly brought by an individual tax-payer on behalf of himself and other tax-payers in the municipality.
Chamberlain v. City of Tampa, 40 Fla. 74, 81, 23 So. 572, 574 (1898). "A resident taxpayer has the right to enjoin the illegal creation of a debt which he, in common with other property holders and taxpayers, may otherwise be compelled to pay." Crawford v. Gilchrist, 64 Fla. 41, 52-53, 59 So. 963, 967 (1912).
In Rickman, the Court began its reasoning from the proposition "the right of a citizen and taxpayer to maintain a suit to *157 prevent the unlawful expenditure by public officials of public moneys, unless otherwise provided by legislative enactment, is generally recognized." 73 Fla. at 157, 74 So. at 207. The Court then went on to hold that the illegal action complained of by the taxpayer in that case gave rise to a cause of action if the taxpayer was able to allege special injury or an increase of taxes, but not if his only complaint was that it would "shame his sense of pride in the faithful observance by public officials of the obligations of their public duties." Id. The Court denied Rickman standing because his complaint neither attacked the validity of the bonds issued nor alleged waste or misappropriation of funds.
There is no allegation of special injury to the complainant, nor that the cost of constructing the roads and bridges by the method proposed will entail a greater cost than the method prescribed by the general act, nor that the money is being wasted or improvidently expended. What, then, gives the complainant his standing in equity? Is it the mere abstract conception that an act done by the county officials not in strict conformity of law ipso facto operates to injury a citizen of the county? If so, then any citizen of the county, whether taxpayer or not, whether he resides in the special road district or beyond its limits, may maintain the action.
73 Fla. at 157-58, 74 So. at 207 (emphasis supplied).
Uncontrovertably, the Rickman rule recognized improper or improvident expenditure of public funds as a special injury which gives a taxpayer standing to bring suit.
Henry L. Doherty & Co., upon which the majority relies, does not address a taxpayer suit to enjoin illegal expenditures. Doherty involved a land-use decision which converted a pathway used by pedestrians and cyclists to private ownership. The petitioner alleged that the ordinance vacating the pathway was improperly enacted without notice and that he was inconvenienced by the loss of easy access from his property to the beach. The Court held that petitioner's injury was no different in kind from that suffered by others who would no longer be able to use the walkway, thus he lacked standing to protest the ordinance. This case did not involve illegal expenditures of tax revenues and therefore is not controlling  or even applicable  to the case now before the Court.
The only case cited by petitioner in its brief which may be read as directly addressing the issue before the Court is Department of Revenue v. Markham. There, in what is indisputable dicta, this Court, blithely ignoring the body of cases which do address taxpayer standing to protest illegal expenditure of public funds, grafted onto the special injury requirement the condition that it be "distinct from that suffered by other taxpayers in the taxing district." Horne, which establishes standing to protest constitutional issues, and Rickman, which stands for the opposite proposition, were cited as authority. In reality, rather than having "long been the rule in Florida," as the author asserts, this statement was newborn, springing fully formed from the author's mind, entirely without legal parentage.
The majority buttresses its action by claiming it to be a matter of public policy. There is a certain irony in that argument. The legislature, that body responsible for the determination of public policy, has given the citizens of the state the broadest possible rights of access to government through the Sunshine Act and the Public Records Act. Thus, while the legislature mandates the citizen's right to know just how and to what extent the public trust (and the public coffers) are being violated, this Court holds that public policy requires that we deny them the power to do anything about it.
I would approve the opinion of the district court.
SHAW, J., concurs.