PER CURIAM.
The final order under review dismissing a petition for a writ of mandamus is affirmed upon a holding that the defendant Greg Read, as then mayor of the City of Hialeah Gardens [and Gilda Oliveros, as the current mayor of the City of Hialeah Gardens and substituted defendant herein] does not have a ministerial duty to comply with a resolution passed by the City Council of the City of Hialeah Gardens requiring that the plaintiff Bruce Nordhagen, councilman for the City of Hialeah Gardens, be reimbursed for attorney’s fees incurred in bringing a prior unsuccessful declaratory decree action against the defendant Greg Read. We reach this result because (1) the trial court in the prior declaratory decree action determined that the plaintiff Bruce Nordhagen had failed to establish that this claim was a good-faith prosecution of an action undertaken in the public interest in conjunction with his official duties as city councilman and was therefore not entitled to an award of attorney’s fees based on the authority of City of Hialeah v. Bennett, 376 So.2d 483 (Fla. 3d DCA 1979), which determination was never appealed, and (2) the subsequent city council resolution compelling the payment of such attorney’s fees from municipal funds, notwithstanding the prior judicial determination that such fees served no valid public purpose and was not undertaken as part of the plaintiff’s duties as a city councilman, was entirely void and unenforceable. See Peck v. Spencer, 26 Fla. 23, 7 So. 642 (1890); Markham v. State by and through Dept. of Revenue, 298 So.2d 210 (Fla. 1st DCA 1974), cert. denied, 309 So.2d 547 (Fla.1975).
Affirmed.