919 So.2d 485 (2005)
The CITY OF MIAMI, Appellant,
v.
Frederick STAATS, Appellee.
No. 3D05-466.
District Court of Appeal of Florida, Third District.
November 9, 2005.
Rehearing and Rehearing Denied February 8, 2006.
*486 Jorge L. Fernandez, City Attorney, and Warren Bittner and Regine Monestime, Assistant City Attorneys, for appellant.
Stanley H. Beck (Hallandale); Langbein & Langbein and Evan Langbein (Miami), for appellee.
Before GERSTEN, FLETCHER, and WELLS, JJ.
Rehearing and Rehearing En Banc Denied February 8, 2006.
FLETCHER, Judge.
The City of Miami appeals from an order declaring unconstitutional a city resolution placing a nonbinding or "straw ballot" question on the ballot of a special county-wide election. Because we agree with the trial court that the ballot is misleading, we affirm.
City of Miami Resolution R-05-0043 called for a special municipal election which in effect authorized the placing of a nonbinding poll question on the ballot of a special election which was scheduled to be held on another matter county-wide on March 8, 2005. The proposed ballot provides:
"Straw Ballot Question No. 1 Shall the voters of Miami-Dade elect the Tax Assessor instead of the County Manager of Miami-Dade County appointing the Tax Assessor?"
Prior to the election date, Frederick Staats filed an action against the City of Miami and the county's supervisor of elections. Staats sought a declaration that the resolution was unconstitutional and unlawful, and asked for injunctive relief preventing the electorate from voting on the question. Following a hearing, the trial court granted the motion declaring the resolution null and void. However, because of the impossibility of removing the question from the ballot at that time, the trial court ordered that any votes cast on the question not be counted. The City immediately appealed these rulings.
Florida law requires:
"Whenever a constitutional amendment or other public measure is submitted to the vote of the people, the substance of the amendment or other public measure shall be printed in clear and unambiguous language on the ballot.... [T]he *487 substance of the amendment or public measure shall be an explanatory statement... of the chief purpose of the measure."
§ 101.161(1), Fla. Stat. (2004). The purpose of this requirement is to provide the voter with fair notice of the content of the proposed measure so that he or she will not be misled as to its purpose and may intelligently cast his or her vote. E.g., Armstrong v. Harris, 773 So.2d 7 (Fla. 2000); Advisory Opinion to the Attorney Gen. re Term Limits Pledge, 718 So.2d 798 (Fla.1998); Askew v. Firestone, 421 So.2d 151 (Fla.1982). As stated by the Florida Supreme Court, the "ballot title and summary cannot either `fly under false colors' or `hide the ball' as to [its] true effect." Armstrong at 16.
Under these guidelines, we find the question proposed by the City herein to be defective in several respects. For example, it fails to adequately inform the voting public that their response has no official effect, i.e., that the ballot question is simply a nonbinding opinion poll. It keeps the public in the dark as to the fact that the issue involved is not one within the sole dominion and control of the citizens of the City, but instead one which must be addressed by the electorate of the entire county. And, finally, it is misleading and confusing with respect to the correct title of the county officer who values or appraises property within Miami-Dade County.
Affirmed.