963 So.2d 754 (2007)
CITY OF HIALEAH, Appellant,
v.
Reinaldo DELGADO, Jr., Appellee.
No. 3D06-2765.
District Court of Appeal of Florida, Third District.
June 27, 2007.
Rehearing and Rehearing Denied September 26, 2007.
William M. Grodnick, City Attorney; Akerman, Senterfitt, and Michael Fertig and Jennifer Cohen Glasser, Miami, for appellant.
*755 Stanley H. Beck, Hallandale Beach; Langbein & Langbein, and Evan J. Langbein, Miami, for appellee.
Before, COPE, C.J., and FLETCHER and LAGOA, JJ.
Rehearing and Rehearing En Banc Denied September 26, 2007.
COPE, C.J.
This is an appeal from an order of the trial court invalidating a straw ballot question which appeared on the 2006 general election ballot. We agree with the trial court that appellee Reinaldo Delgado had standing to bring this lawsuit but we respectfully disagree with the court's ruling that the ballot question was fatally flawed. Accordingly, the votes may be counted.

I
The City of Hialeah placed on the November 7, 2006 ballot the following question:
 OFFICIAL SPECIAL ELECTION BALLOT
 HIALEAH, FLORIDA NOVEMBER 7, 2006
 Straw Ballot Question
 Support for voter petition on whether to elect County Property Appraiser.
 Would you support a voter petition requesting the Board of Miami-Dade
 County Commissioners to adopt an ordinance that would submit a proposal
 to county voters to vote on whether or not to amend the County Charter to
 provide for the election of the County Property Appraiser, instead of the
 County Manager appointing the County Property Appraiser?
 Yes . . .
 No . . .
Prior to the election date, Delgado brought this suit. Delgado maintained that the ballot question failed the statutory requirement that "the substance of such . . . public measure . . . be presented in clear and unambiguous language on the ballot. . . ." § 101.161(1), Fla. Stat. (2006).[1]
The trial court found that Delgado had standing to bring the action as a citizen and voter of the City of Hialeah. Relying on this court's decision in City of Miami v. Staats, 919 So.2d 485 (Fla. 3d DCA 2005), the court found that the proposed ballot did not impart its purpose in clear and *756 unambiguous language, as is required by the statute. The court concluded that the "straw ballot . . . fails to adequately inform the voting public that their response has no official effect, i.e. that the ballot question is simply a nonbinding opinion poll." (citation omitted).
Because it was too late to remove the straw ballot question from the ballot, the court granted injunctive relief:
2. The Court orders the defendant, Lester Sola, the Supervisor of Elections for Miami-Dade County, Florida, not to count, tabulate, or release any votes cast in connection with the City of Hialeah's "Straw Ballot" question.
3. The Court orders that all votes on this issue be preserved until appellate review, if any, of this Court's order.

STANDING
A voter has standing to challenge ballot language on a claim that the language fails to comply with subsection 101.161(1), Florida Statutes. The First District Court of Appeal has squarely so held. Sancho v. Smith, 830 So.2d 856, 864 (Fla. 1st DCA 2002)("Citizens who are adversely affected by the exemption in section 101.161(1), Florida Statutes (2000) can make the argument for themselves."). See also Crawford v. Gilchrist, 64 Fla. 41, 59 So. 963, 967 (1912)(recognizing standing of Governor as citizen and elector, inter alia, in suit challenging proposed constitutional amendment).
The City argues that Delgado does not have standing to bring this suit against it because he does not allege any special injury to himself as a result of the straw ballot. The City is referring to the taxpayer standing doctrine: "[t]he principle that a taxpayer has no standing to sue the government for allegedly misspending the public's tax money unless that taxpayer can demonstrate a personal stake and show some direct injury." Black's Law Dictionary 1475 (7th Ed.1999).[2]
The City misapprehends the difference between taxpayer standing and standing in election law cases. The present case is a challenge by a voter to ballot language, not a challenge by a taxpayer to a governmental spending decision. The trial court was entirely correct in ruling that Delgado had standing as a citizen and voter.

THE STRAW BALLOT LANGUAGE
As set out above, subsection 101.161(1) requires that the substance of the public measure be printed in clear and unambiguous language on the ballot. "The purpose of this requirement is to provide the voter with fair notice of the content of the proposed measure so that he or she will not be misled as to its purpose and may intelligently cast his or her vote." City of Miami v. Staats, 919 So.2d at 487.
The trial court concluded that the straw ballot measure had to be invalidated on account of this court's decision in Staats. However, the language of the Hialeah ballot measure is quite different than the language involved in Staats. The straw ballot measure in Staats asked:
Shall the voters of Miami-Dade elect the Tax Assessor instead of the County Manager of Miami-Dade County appointing the Tax Assessor?
Id. at 486.
The wording of the Staats ballot measure made it appear that the vote would *757 actually have binding effect. This court ruled that the ballot language "fails to adequately inform the voting public that their response has no official effect, i.e. that the ballot question is simply a nonbinding opinion poll." Id. at 487. The ballot language also incorrectly used the title tax assessor instead of property appraiser. Id.
The Hialeah ballot language avoids those problems. It asks the voters whether they would support a petition which would ask the county commissioners to propose a charter change to provide for an elected property appraiser. We conclude that the ballot language sufficiently complied with the statute. That being said, the votes may be counted and the results may be publicly released.
For the stated reasons, we affirm on the issue of standing, reverse on the merits, and remand for further proceedings consistent herewith.
NOTES
[1] Subsection 101.161(1) provides:

(1) Whenever a constitutional amendment or other public measure is submitted to the vote of the people, the substance of such amendment or other public measure shall be printed in clear and unambiguous language on the ballot after the list of candidates, followed by the word "yes" and also by the word "no", and shall be styled in such a manner that a "yes" vote will indicate approval of the proposal and a "no" vote will indicate rejection. The wording of the substance of the amendment or other public measure and the ballot title to appear on the ballot shall be embodied in the joint resolution, constitutional revision commission proposal, constitutional convention proposal, taxation and budget reform commission proposal, or enabling resolution or ordinance. Except for amendments and ballot language proposed by joint resolution, the substance of the amendment or other public measure shall be an explanatory statement, not exceeding 75 words in length, of the chief purpose of the measure.
(Emphasis added).
[2] Florida's leading case on the taxpayer standing doctrine is Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205 (1917). See also N. Broward Hosp. Dist. v. Fornes, 476 So.2d 154, 155 (Fla.1985).