635 So.2d 937 (1994)
STATE of Florida ex rel. James B. CLAYTON, Petitioner,
v.
BOARD OF REGENTS, etc., Respondent.
No. 83053.
Supreme Court of Florida.
April 21, 1994.
James B. Clayton, pro se.
Robert A. Butterworth, Atty. Gen. and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
James B. Clayton has filed a petition for writ of mandamus, challenging the Florida Board of Regents' appointment of Betty Castor to the position of president of the University of South Florida. Clayton asserts that Castor's appointment is void based on the common law rule that a government body with appointment powers may not appoint one of its own to a position. We have jurisdiction. Art. V, § 3(b)(8), Fla. Const. Although, under the unique circumstances of this case, we do find that Clayton has standing to bring the petition, we nevertheless find that the petition should be denied.
At the time of her appointment, Castor was the Commissioner of Education for the State of Florida. Under section 240.207(1), Florida Statutes (1993), the Board of Regents consists of the Commissioner of Education and twelve citizens of the State. Consequently, *938 at the time she was appointed president of the University of South Florida, Castor was serving as a member of the Board of Regents. Notably, however, Castor did not participate in the vote on her appointment.
Because Castor was serving as a member of the Board of Regents at the time of her appointment, Clayton contends that Castor was ineligible for the position of president of the University of South Florida. In support of this position, Clayton contends that, under the common law, a governmental body may not appoint one of its own members to a position over which it has appointment power. Clayton cites to a number of out-of-state cases to support his argument.
In response to Clayton's contention that Castor's appointment is void based on a common law rule, the Attorney General argues that there is no statutory or constitutional provision in Florida prohibiting the Board of Regents from appointing one of its own members to the position at issue. Additionally, the Attorney General asserts that none of the out-of-state cases cited by Clayton have been adopted as the common law in this State and that none of those cases are binding in this jurisdiction.
For a principle of law to be governed by the common law in Florida, that principle must have existed as part of the common and statutory law of England on July 4, 1776, and must not be inconsistent with the constitution and laws of the United States or the acts of the legislature of this State. See § 2.01, Fla. Stat. (1993). In addition, the common law principle, as it existed on July 4, 1776, must have been "clear and free from doubt." Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). The common law of other jurisdictions does not control.
We find there was no common law principle in existence in England on July 4, 1776, that governs the issue in this case. Further, conduct involving public officers, such as dual office-holding, financial benefit from office, and abuse of public trust, are issues directly addressed by the Florida Constitution. See art. II, §§ 5, 8. In addition, our Constitution requires that public officials must conduct public business in the open and that public records must be made available to all members of the public. Art. I, § 24, Fla. Const. As noted by Clayton, other jurisdictions may indeed have developed through judicial decisions a common law principle prohibiting a governmental body from appointing one of its own members to a position over which it has appointment power. While such a common law principle does not exist in Florida, however, we note that, when taken as a whole, the constitutional provisions governing public officials in Florida are even more restrictive as to the manner in which public officials may hold office and conduct public business than the judicially enacted common law doctrines in other jurisdictions.
Accordingly, because we find that no common law principle exists in this State to mandate the relief sought by Clayton, we deny the petition for writ of mandamus.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.