Mr. David G. Conn Attorney for Clerk of the Circuit Court St. Johns County 3501 R North Ponce de Leon Boulevard St. Augustine, Florida 32084
Dear Mr. Conn:
As attorney for the Honorable Carl "Bud" Markel, Clerk of Circuit Court for St. Johns County, you have asked for my opinion on the following question:
May the clerk of the circuit court be appointed to a charter commission established under section 125.61, Florida Statutes, without violating the dual officeholding prohibition contained in Article II, section 5(a) of the Florida Constitution?[1]
In sum:
The clerk of the circuit court may be appointed to a county charter commission established under section 125.61, Florida Statutes, without violating the constitutional dual officeholding prohibition because a charter commission is a "statutory body having only advisory powers" and is excepted from the scope of the prohibition.
The Florida Constitution authorizes charter government for counties in section 1(c), Article VIII, which provides:
Pursuant to general or special law, a county government may be established by charter which shall be adopted, amended or repealed only upon vote of the electors of the county in a special election called for that purpose.
Part II, Chapter 125, Florida Statutes, contains the provisions of general law to be utilized by any noncharter county for local initiation and adoption of a county home rule charter. Pursuant to section 125.61(1), Florida Statutes:
Following the adoption of a resolution by the board of county commissioners or upon the submission of a petition to the county commission signed by at least 15 percent of the qualified electors of the county requesting that a charter commission be established, a charter commission shall be appointed pursuant to subsection (2) within 30 days of the adoption of said resolution or of the filing of said petition.
The duties of the charter commission are prescribed in section125.63, Florida Statutes, which requires that the commission study the operation of county government and the ways in which the conduct of such county government might be improved or reorganized. The statute requires that the charter commission hold a series of three public hearings on the proposed charter. At the final public hearing, any amendments that the charter commission deems desirable are to be incorporated into the proposed charter and a vote taken on the proposed charter. The proposed charter is then to be forwarded to the board of county commissioners, which is responsible for conducting a referendum on the charter as provided in section 125.64, Florida Statutes.
You have asked whether the clerk of the circuit court may serve as a member of the county charter commission described above without violating the constitutional prohibition against dual officeholding contained in Article II, section 5(a), Florida Constitution.
The constitutional dual officeholding provision states in part:
No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers. (e.s.)
This office has not previously addressed the applicability of the dual officeholding prohibition to a county charter commission. However, in 1972 this office considered the applicability of the constitutional prohibition to a state legislator who wanted to serve on a municipal charter revision commission.[2] The charter commission considered in that opinion was not a statutory entity but was an ad hoc committee appointed by the municipal governing body to study and recommend changes in the municipal charter. The opinion concluded that the members of this charter commission were not municipal officers and were not within the purview of ArticleII, section 5(a), Florida Constitution. As that opinion states:
[T]his constitutional prohibition, by its terms, does not apply to a member of a "statutory body having only advisory powers." A fortiori, it would not apply to a member of an ad hoc municipal committee having no statutory status and with advisory powers only.
In Attorney General's Opinion 89-25 the question was whether a member of a city council was prohibited by section 5(a), ArticleII, Florida Constitution, from simultaneously serving on a county planning and zoning commission. Planning and zoning commissions are established pursuant to Part II, Chapter 163, Florida Statutes, and possess only those powers contemplated by that part. Thus, this office reasoned that such a commission was a "statutory body having only advisory powers" for purposes of Article II, section 5(a) and was exempt from the constitutional dual officeholding prohibition.[3]
In reaching this conclusion, this office stated that the primary function of the commission was to prepare and adopt a comprehensive plan for future development within the county, with the plan becoming effective only upon final adoption by a majority of the county commission. However, the exercise of sovereign powers such as zoning, establishing boundaries, hearing appeals and special exceptions was "reserved by [the statutes] for the governing bodies involved and the board of adjustments created by them."[4]
Similarly, in your case, the charter commission created pursuant to Part II, Chapter 125, Florida Statutes, "conduct[s] a comprehensive study of the operation of county government and of the ways in which the conduct of county government might be improved or reorganized."[5] The proposed charter is forwarded to the board of county commissioners so that the board may schedule public hearings on the proposed charter provisions and ultimately hold a referendum election on adoption of the charter. The power to adopt the charter resides in the electorate. The charter commission merely proposes charter language and would appear to be a "statutory body having only advisory powers." Therefore, the charter commission members are excepted from the scope of the dual officeholding prohibition in Article II, section 5(a), Florida Constitution.
This conclusion is supported by language in section 125.61(2), Florida Statutes, which states that "[n]o member of the Legislature or board of county commissioners shall be a member of the charter commission." The inclusion of this language would indicate that other officers would be able to serve on the commission, since such a prohibition would be unnecessary if the members of the commission were considered officers for purposes of the dual officeholding prohibition.[6]
Therefore, it is my opinion that the clerk of the circuit court may be appointed to simultaneously serve as a member of the county charter commission established pursuant to section 125.61, Florida Statutes, without violating the dual officeholding prohibition of Article II, section 5(a), Florida Constitution, since a charter commission is a statutory body having only advisory powers and is outside the scope of the prohibition.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] You have also asked whether the clerk of circuit court may also serve on the county charter commission without violating the common law rule of incompatibility. The Florida Supreme Court has stated that no such principal exists in this state. See, State ex rel. Clayton v. Board of Regents, 635 So.2d 937 at 938 (Fla. 1994).
[2] See, Op. Att'y Gen. Fla. 72-179 (1972).
[3] See, also, Op. Att'y Gen. Fla. 74-232 (1974). For other situations where this office has applied the exception for statutory bodies having only advisory powers, see, Op. Att'y Gen. Fla. 72-179 (1972) (legislator may serve as member of ad hoc charter revision commission appointed by municipal governing body to serve in purely advisory capacity to study and recommend changes to municipal charter); Op. Att'y Gen. Fla. 73-288 (1973) (municipal zoning board having only advisory powers may serve as county tax collector); Op. Att'y Gen. Fla. 77-74 (1977) (powers exercised by members of the Florida Advisory Council are advisory and, as such, excluded from the prohibition of s. 5[a], Art. II, State Const.); Op. Att'y Gen. Fla. 86-105 (1986) (local planning agency whose function is information gathering and advisory only falls within exception to dual officeholding prohibition). Compare, Op. Att'y Gen. Fla. 76-241 concluding that membership on the Florida Human Relations Commission was an office and not within the exception for statutory bodies possessing only advisory powers, since the commission had the authority and right to accept money, both public and private, to help finance its activities; to recommend measures to eliminate discrimination; to receive, initiate, investigate, hold hearings on, and pass upon complaints alleging discrimination; to render, at least annually, a comprehensive written report to the Governor and Legislature; and to adopt, amend, and rescind rules to effectuate the purposes of the act.
[4] Attorney General's Opinion 89-25 (1989).
[5] Section 125.63, Fla. Stat. (1995).
[6] See, Smith v. Piezo Technology and Professional Administrators,427 So.2d 182 (Fla. 1983) (legislative enactment is presumed to have some useful purpose), and see, Dickinson v. Davis, 224 So.2d 262 (Fla. 1969) (it is never presumed that Legislature intended to enact purposeless or useless legislation). And see, Op. Att'y Gen. Fla. 94-42 (1994).