Mr. Steven A. Ramunni Watkins Ramunni, P.A. Post Office Box 250 LaBelle, Florida 33935
Dear Mr. Ramunni:
On behalf of the Area Housing Commission of Clewiston, LaBelle, and Hendry County, you have asked for my opinion on substantially the following question:
May a city commissioner also serve as the executive director of an area housing commission without violating the dual officeholding prohibition in Article II, section 5(a), Florida Constitution?
In sum:
A city commissioner may serve simultaneously as the executive director of an area housing commission pursuant to section421.05(2), Florida Statutes, without violating the dual officeholding prohibition in Article II, section 5(a), Florida Constitution.[1]
The Area Housing Commission of Clewiston, LaBelle, and Hendry County was created by special act of the Florida Legislature and was subsequently authorized by joint resolution of these local governmental bodies. The purpose of the area housing commission is to provide housing to low-income individuals in Hendry County and the cities of Clewiston and LaBelle. The position of executive director for the area housing commission has recently been filled by a city commissioner of the City of LaBelle. There is some concern that the simultaneous service by a city commissioner as the executive director of the area housing commission may constitute dual officeholding in violation of the provisions of Article II, section 5(a), Florida Constitution.
The constitutional prohibition against dual officeholding is contained in section 5(a), Article II, of the Florida Constitution, which states in part that:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that . . . any officer may be a member of a . . . statutory body having only advisory powers."
Thus, a person is prohibited from contemporaneously holding more than one "office" under the government of the state and the counties and municipalities therein.[2]
Section 5(a), Article II, however, does not define the terms "office" or "officer" for its purposes. The Florida Supreme Court has stated that "[t]he term office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an employment' does not comprehend a delegation of any part of the sovereign authority."[3] Your question is whether the executive director of the Area Housing Commission of Clewiston, LaBelle, and Hendry County is an officer who is subject to the dual officeholding prohibition or whether he or she is an employee who would be outside the scope of the constitutional provision.
Previous opinions of this office have consistently held that officers of special districts or authorities created by statute to perform a special state or county function do not fall within the scope of the constitutional prohibition.[4] Pursuant to section421.08, Florida Statutes, a housing authority is a public body corporate and politic, exercising the public and essential governmental functions set forth in Chapter 421, Florida Statutes. The statutes specifically grant the following powers to housing authorities: the power to sue and be sued; to prepare, carry out, acquire, lease, and operate housing projects; to arrange or contract for services, privileges, works, or facilities to be furnished in connection with a housing project; to lease or rent dwellings, houses, accommodations, lands, buildings, structures, or facilities in a housing project and to establish and revise rents or charges therefor; to invest funds in property or securities; to investigate into living, dwelling, and housing conditions and the means of improving such conditions within its area of operation; to conduct examinations and investigations and to hear testimony and take proof under oath at hearings on matters material to its activities.[5]
In addition to these statutory powers, the special act provides that:
"The area housing commission is hereby authorized to apply for and accept federal and state grants, loans, and subsidies for the construction, lease, and/or operation of housing and related facilities for families of low and moderate incomes both within the corporate limits of Clewiston and LaBelle and the unincorporated areas of Hendry County."[6]
These powers are vested in the board of commissioners of the housing authority, which is authorized to "employ a secretary, who shall be the executive director[.]"[7]
The area housing commission has been determined to be an independent special district with statutory authority under Chapter 421, Florida Statutes.[8] Thus, the officers of the district do not come within the scope of the dual officeholding prohibition and the executive director of the commission would not be subject to the prohibition as either an officer of the district or as an employee.
Therefore, it is my opinion that a city commissioner may serve simultaneously as the executive director of the Area Housing Commission of Clewiston, LaBelle, and Hendry County without violating the dual officeholding prohibition in Article II, section 5(a), Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] You have also asked about the applicability of the common law doctrine of incompatibility to this situation. Under the common law, according to this doctrine, a governmental body may not appoint one of its own members to a position over which it has appointment power. See, Gryzik v. State, 380 So.2d 1102 (Fla. 1st DCA 1980). However, in the recent case of State ex rel. Clayton v.Board of Regents, the Florida Supreme Court held that "no [such] common law principle exists in this State[.]" See, State ex rel.Clayton v. Board of Regents, 635 So.2d 937 (Fla. 1994).
[2] See, Bath Club, Inc., v. Dade County, 394 So.2d 110, 112
(Fla. 1981).
[3] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919); Op. Att'y Gen. Fla. 86-105 (1986).
[4] See, e.g., Ops. Att'y Gen. Fla. 85-24 (1985) (community development district) and 75-60 (1975) (county industrial development authority).
[5] Section 421.08(1) — (7), Fla. Stat. (1995).
[6] Section 2, Ch. 89-497, Laws of Florida.
[7] Section 421.05(2), Fla. Stat. (1995).
[8] See, Official List of Special Districts, Florida Department of Community Affairs.