691 So.2d 1066 (1997)
SCHOOL BOARD OF VOLUSIA COUNTY, Petitioner,
v.
James B. CLAYTON, Respondent.
No. 87403.
Supreme Court of Florida.
March 13, 1997.
Rehearing Denied April 18, 1997.
C. Allen Watts of Cobb, Cole & Bell, Daytona Beach, for Petitioner.
Daniel R. Vaughen of Daniel R. Vaughen, P.A., DeLand, for Respondent.
HARDING, Justice.
We have for review Clayton v. School Board of Volusia County, 667 So.2d 942 (Fla. 5th DCA 1996), which certified the following questions to be of great public importance:
DOES THE "UNIQUENESS OF THE PARTICULAR CASE" STANDARD PERMIT A TAXPAYER CHALLENGE TO THE ACTION OF A PUBLIC *1067 BOARD WHICH IS ALLEGED TO BE ACTING IN EXCESS OF ITS STATUTORY AUTHORITY AND WHICH ACTION EITHER INCREASES THE TAX BURDEN OR WASTES PUBLIC MONEY?
The court also expressed the question in the alternative:
DOES THE ACTION OF A PUBLIC BOARD WHICH EITHER INCREASES TAXES OR WASTES PUBLIC MONEY RISE TO THE LEVEL OF A CONSTITUTIONAL ISSUE WHEN IT IS ASSERTED THAT THE PUBLIC BOARD EXCEEDED ITS AUTHORITY GRANTED BY THE LEGISLATURE?
Clayton, 667 So.2d at 946. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We answer the first certified question in the negative, and decline to reach the alternative question.
Volusia County School Board sought to acquire property in DeBary, Florida, and filed a petition for eminent domain. Clayton, 667 So.2d at 943. After the petition was filed, the Board changed the description of the property it sought to acquire. Id. The value of the property was set under a negotiated agreement between the Board and the then-owner of the property; the valuation was not submitted to a jury. Id. The purchase price was over $500,000, which was more than twice the amount of the appraisals in the record. Id. The Board approved the purchase by a bare majority vote. Id.
Clayton filed a petition for writ of mandamus in circuit court alleging that the Board's purchase did not comply with the requirements of section 235.054(1)(b), Florida Statutes (1995). That section states, in relevant part:
Prior to acquisition of the property, ... [f]or each purchase in an amount in excess of $500,000, the board shall obtain at least two appraisals by appraisers approved pursuant to s. 253.025(6)(b). If the agreed purchase price exceeds the average appraised value, the board is required to approve the purchase by an extraordinary vote.
§ 235.054(1)(b), Fla.Stat. (1995). Clayton alleged that the Board was required to, but did not, obtain an extraordinary vote to approve the purchase because of this section.
Before addressing the merits of the issue, the circuit court found that Clayton did not have standing to bring the action because he did not allege a constitutional challenge or a special injury, as required by this Court's decision in North Broward Hospital District v. Fornes, 476 So.2d 154 (Fla.1985). Accordingly, the circuit court dismissed the petition.
On appeal, the Fifth District Court of Appeal recognized that Fornes precluded a taxpayer from bringing suit solely because the tax burden suffered by all taxpayers increased. Clayton v. School Board of Volusia County, 667 So.2d at 945. In Fornes, the taxpayer had alleged that the taxing authority illegally levied taxes against her property. She argued that the illegal levy would increase her tax burden. We stated that there were two means to achieve standing in a taxpayer case, holding "absent a constitutional challenge, a taxpayer must allege a special injury distinct from other taxpayers in the taxing district to bring suit." Fornes, 476 So.2d at 154. We explained that a constitutional challenge meant "an attack upon constitutional grounds based directly upon the Legislature's taxing and spending power." Id. at 155 (quoting Department of Administration v. Horne, 269 So.2d 659 (Fla.1972)). Because we found that an illegal public action which raises taxpayers' obligations or wastes public money did not constitute a "special injury" which distinguished Fornes from other taxpayers, and there was no allegation of a constitutional challenge, we held that she did not have standing to bring the suit. Id. at 155-56. Accordingly, Clayton would not have standing under Fornes.
The district court in Clayton suggested that this Court reconsider Fornes, but held that, in the alternative, Clayton did have standing under an exception to the Fornes requirement that a taxpayer allege special injury. Clayton, 667 So.2d at 945. The court held that the contested school board action not only had "constitutional implications," but also came within the "unique circumstances" exception announced in another *1068 Clayton case, State ex rel. Clayton v. Board of Regents, 635 So.2d 937 (Fla.1994). Accordingly, the court held that Clayton had standing to seek the writ. Clayton v. School Board of Volusia County, 667 So.2d at 947. However, the court certified the questions here.
We reaffirm our opinion in Fornes, and, consistent with that opinion, we hold that Clayton does not have standing to bring the action. The requirement that a taxpayer seeking standing allege a "special injury" or a "constitutional challenge" is consistent with long established precedent. See, e.g., Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205 (1917) (requiring that taxpayer suffer special injury before standing is conveyed); Henry L. Doherty & Co. v. Joachim, 146 Fla. 50, 200 So. 238 (1941) (stating that a mere increase in taxes does not confer standing on a taxpayer seeking to challenge a government expenditure).
The first certified questionwhether the "unique circumstances" of the case are enough to grant standingis based on our State ex rel. Clayton v. Board of Regents, 635 So.2d 937 (Fla.1994), decision. In that case, Clayton[1] filed a petition for writ of mandamus arguing that the Board of Regents violated the common law in appointing a member of the Board to the position of president of the University of South Florida. Board of Regents, 635 So.2d at 938. We found that Clayton did have standing to bring the petition because of the unique circumstances present there. Id. Accordingly, we will not extend that decision beyond the unique circumstances present in that case. Further, we make it clear that our finding that unique circumstances existed in that case should not be interpreted as having created an exception to Fornes.
We find that Clayton must satisfy the Fornes requirement of alleging either a constitutional violation or a special injury. Because he has not done so, we hold that he does not have standing to bring the writ.
We quash the decision below. We answer the first certified question in the negative, as explained above. Because Clayton has not alleged a constitutional violation, we decline to reach the second question. At his request, we do grant leave to file an amended complaint where he can assert a constitutional violation. We remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, WELLS and ANSTEAD, JJ., concur.
SHAW, J., dissents.
NOTES
[1] Clayton, petitioner in the instant case, was the respondent in Board of Regents.