HARRIS, Judge.
In 1994, the legislature enacted Chapter 94^442, Special Laws of Florida, which exempted Brevard County from the general law expressed in section 180.191, Florida Statutes, and imposed the specific regulations and limitations of a “Distribution Differential Surcharge” in relation to Brevard County water utilities. The City of Cocoa and one of its citizen taxpayers challenged the constitutionality of the special act on various grounds.
The City alleged violation of the single subject requirement, failure to state the subject of the law in the title, failure to set out the law amended by Chapter 94-442 in the bill, vagueness, and unlawful delegation of municipal powers under article VIII, section 2(b) of the Florida Constitution. However, the only attacks on the constitutionality of the act which relate to this appeal are the two counts joined in by the City of Cocoa and one of its citizen taxpayers, John Blubaugh, which allege that the act is invalid under the equal protection provisions of the Florida Constitution and the United States Constitution and that the act violates the due process provisions of article I, section 9 of the Florida Constitution and the 5th Amendment of the United States Constitution.
The two counts involved in this appeal allege that the effect of the act will require the citizens of Cocoa, the owner of the water distribution system, to subsidize non-resident customers of the system because Cocoa residents are required to provide a disproportionate share of the return on Cocoa’s investment in its water system. The trial court dismissed these claims by Blubaugh because his alleged injury was the same as any other resident of Cocoa and thus he had no standing to raise the issue. The court then dismissed the equal protection claim by the City of Cocoa because “it has long been held that a municipality is not a person within the purview of the equal protection clause of the Fourteenth Amendment.” The court dismissed the City of Cocoa’s due process claim by holding, “As a political subdivision of the State of Florida, a municipality is not a ‘person’ entitled to protection under the due process clause of the United States Constitu *560 tion and Florida Constitution.” Therefore, the trial court held that lack of standing deprived the citizen/taxpayer, both individually and through his representative government, of the right to challenge the act based either on equal protection or violation of due process.
Blubaugh appeals; we reverse.
The problem in this case is that the trial court unduly restricted the citizen taxpayer’s group in determining whether he had unique injuries. The question should not be whether Blubaugh was a resident of the City of Cocoa but whether he was a consumer of the City of Cocoa Water System. It is the consumers of the water, and not a portion of the consumers, that should form the class.[1] It is as though the county assessed greater taxes against the residents of municipalities than it assessed against contiguous county residents for the same services. A taxpayer living within a municipality would have standing to raise the issue because his injuries are different from, those of non-resident taxpayers.
REVERSED and REMANDED for further action consistent with this opinion.
PETERSON, C.J., concurs.
GRIFFIN, J., dissents, without opinion.

. Even if this were not true, still Blubaugh raises "constitutional” issues which exempt him from the Forms standing rule. See School Board of Volusia County v. Clayton, 1997 WL 109217 (Fla., March 13, 1997).