Mr. Robert A. Sugarman Attorney, North Naples Fire Control and Rescue District Firefighters Pension Plan 2801 Ponce de Leon Boulevard Suite 750 Coral Gables, Florida 33134
Dear Mr. Sugarman:
On behalf of the Board of Trustees of the North Naples Fire Control and Rescue District Firefighters' Pension Plan, you ask substantially the following question:
May the fire chief of the North Naples Fire Control and Rescue District or one of the fire commissioners of the district be appointed to the district pension plan's board of trustees without violating Article II, section 5(a), Florida Constitution?
In sum:
Article II, section 5(a), Florida Constitution, applies only to state, county or municipal offices, and not to offices of independent special districts. Thus, Article II, section (5)(a), Florida Constitution, does not prohibit the fire chief of the North Naples Fire Control and Rescue District or one of the fire commissioners of the district from being appointed to the district pension plan's board of trustees.
You state that the North Naples Fire Control and Rescue District was created by the Florida Legislature as a political subdivision to provide fire protection and rescue services to northwestern Collier County. According to your letter, the district is governed by a commission composed of three elected commissioners. The commission appoints the fire chief, who serves as the district's chief executive officer. In 1996, the district established the North Naples Fire Control and Rescue District Firefighters' Pension Plan in accordance with the provisions of Chapter 175, Florida Statutes. The plan is governed by a board of trustees consisting of five trustees, two of whom are appointed by the district commission. One of these two seats is now vacant and the commission is interested in appointing either the fire chief or one of the district commissioners to the plan's board of trustees.
Article II, section 5(a), Florida Constitution, provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers."
This constitutional provision prohibits a person from simultaneously serving in more than one state, county, or municipal office. The prohibition applies to both elected and appointed offices.[1] The term "office" is not defined by the Constitution, although the Supreme Court of Florida has stated that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office. . . ."[2] Thus, in determining whether a particular position is an employment or office, careful consideration must be given to the powers and responsibilities imposed upon such a position by statute, charter or ordinance.
In the instant inquiry, however, it is unnecessary to determine whether the positions in question are officers or employees. The constitutional dual officeholding prohibition refers only to state, county, and municipal offices; it does not refer to special district offices.[3] Thus, the courts and this office have concluded that the dual officeholding prohibition does not apply to the officers of an independent special district.[4] In 1994, the Supreme Court of Florida reiterated that special district officers are not included within the dual officeholding prohibition. In Advisory Opinion to the Governor — DualOffice-Holding,[5] the Court concluded that a member of a community college district board of trustees
"is an officer of a special district created to perform the special governmental function of operating a community college and is not a state, municipal, or county officer within the meaning of article II, section 5(a). Thus, the dual office-holding prohibition does not keep a state, county, or municipal officer from serving on a community college board of trustees."
The North Naples Fire Control and Rescue District operates as an independent special district.[6] Thus, the provisions of ArticleII, section 5(a), Florida Constitution, are inapplicable to its offices and those of its pension plan.[7]
Accordingly, I am of the opinion that Article II, section 5(a), Florida Constitution, applies only to state, county or municipal offices, and not to offices of independent special districts. Thus, Article II, section (5)(a), Florida Constitution, does not prohibit the fire chief of the North Naples Fire Control and Rescue District or one of the fire commissioners of the district from being appointed to the district pension plan's board of trustees.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[2] See, State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[3] While the 1968 Constitution broadened the language of the dual officeholding prohibition to include municipal as well as state and county offices, it does not refer to special districts.
[4] See, e.g., Ops. Att'y Gen. Fla. 71-324 (1971) (member of hospital district's governing body is not an officer within constitutional dual officeholding prohibition), 73-47 (1973) (a member of junior college district may serve as member of parks, planning, and zoning commission), 75-153 (1975) and 80-16 (1980) (legislator may serve as a member of a community college district board of trustees), 78-74 (1978) (municipal parking board member may serve as member of community college district board of trustees); 85-24 (1985) (mayor may serve on a community redevelopment district established by general law); 86-55 (1986) (member of Big Cypress Basin's governing board may serve as city mayor); 94-42 (1994) (city commissioner may serve on a local multi-agency career service authority), 94-83 (1994) (person may serve on airport authority and on school board); 96-84 (1996) (city commissioner may also serve on area housing commission).
[5] 630 So.2d 1055, 1058 (Fla. 1994).
[6] See, Ch. 99-450, Laws of Florida, codifying all the special acts relating to the district and providing in s. 3 thereof, that the district is "an independent special district of the State of Florida, and a body corporate and politic." The district is listed on the Official List of Special Districts as an independent special district by the Department of Community Affairs. See, s.189.4035(1), Fla. Stat., requiring the Department of Community Affairs to compile the official list of special districts which shall include all special districts in this state and shall indicate the independent or dependent status of each district.
[7] You also ask whether the fire chief or commissioner may serve on the pension plan board of trustees without violating the common law rule of incompatibility. The Florida Supreme Court, however, has stated that no such principal exists in this state.See, State ex rel. Clayton v. Board of Regents, 635 So.2d 937,938 (Fla. 1994). Cf., City of Orlando v. State Department ofInsurance, 528 So.2d 468 (Fla. 1st DCA 1988), review denied,537 So.2d 568 (Fla. 1988), stating that Art. II, s. 5(a), Fla. Const., barring dual officeholding did not preclude municipal officials from serving on boards of trustees of municipal police and fire fighters' pension trust funds.