The Honorable Janet Adkins Nassau County School Board 863 Laguna Drive Fernandina Beach, Florida 32034
Dear Ms. Adkins:
You ask substantially the following question:
May a current member of the Nassau County School Board also serve on the county planning and zoning board with the authority to vote on matters relating to rezoning and comprehensive plan amendments except variances and exceptions, without violating the constitutional dual office-holding prohibition?
Article II, Section 5(a) of the Florida Constitution provides in pertinent part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
Thus, the above provision prohibits a person from simultaneously serving in more than one "office" under the governments of the state, counties, or municipalities. This office has concluded that the constitutional prohibition applies to both elected and appointed offices.[1] While the constitution does not define the term "office," the courts have stated that the term "implies a delegation of a portion of the sovereign power . . . [and] embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract."[2]
It has long been a settled rule in this state, however, that, assuming a particular officeholder is subject to the dual office-holding prohibition of Article II, section 5(a), Florida Constitution, a legislative designation of that officer to perform ex officio the function of another or additional office is not a holding of two offices at the same time in violation of the Constitution, provided the duties imposed are consistent with those being exercised.[3] The term "ex officio" means "by virtue or because of an office,"[4] and simply describes the manner by which a particular official may validly serve as a member of another board or commission — that is, by the Legislature's directing that official to serve as a member of and carry out the powers and duties of another office "because of an office" already held by him, when the duties of the two offices are not incompatible or inconsistent.
Thus, the newly assigned duties are viewed as an addition to the existing duties of the officer. For example, in Advisory Opinion to Governor,[5]
the Florida Supreme Court held that the chairman of the State Road Department could serve as an ex officio member of the State Planning Board. This office, in Attorney General Opinion 81-72, stated that a city council, as the legislative body of a municipality, could impose by ordinance the ex officio duties of the office of city manager on the city clerk.
During the 2002 legislative session, the Legislature amended section163.3174(1), Florida Statutes, to provide in pertinent part:
"Notwithstanding any special act to the contrary, all local planning agencies or equivalent agencies that first review rezoning and comprehensive plan amendments in each municipality and county shall include a representative of the school district appointed by the school board as a nonvoting member of the local planning agency or equivalent agency to attend those meetings at which the agency considerscomprehensive plan amendments and rezonings that would, if approved,increase residential density on the property that is the subject of theapplication. However, this subsection does not prevent the governing body of the local government from granting voting status to the school board member."[6] (e.s.)
The title to the 2002 act amending section 163.3174(1), Florida Statutes, states that the act requires "the membership of all local planning agencies or equivalent agencies that review comprehensive plan amendments and rezonings include a nonvoting representative of the district school board."[7] The staff analysis for the companion House Bill states the bill, as amended, requires "all planning agencies include a district school board representative as a nonvoting or voting member."[8]
Thus, the statute requires that a representative of the school board appointed by the school board serve on the local planning agency that reviews rezoning and comprehensive plan amendments that would, if approved, increase residential density on the property that is the subject of the application. While the statute provides that the position is nonvoting, it also permits the governing body of the local government to grant, as in the instant inquiry, the member voting status on such issues.
This office in Attorney General Opinion 00-72 stated that a legislative designation that a representative from county government, the school district, the sheriff's office, the circuit court, and the county children's board serve on a Community Alliance established in section20.19, Florida Statutes, constituted an ex officio designation of officers from the enumerated governmental entities. Thus this office concluded that public officers of the entities statutorily enumerated could serve on Community Alliances in an ex officio capacity without violating the dual office-holding prohibition in section 5(a), ArticleII, Florida Constitution.[9]
Similarly, the legislative designation that a representative of the school board serve on the local planning agency that reviews rezoning and comprehensive plan amendments affecting residential density would appear to constitute an ex officio designation of the official appointed by the school board. Under the analysis of Attorney General Opinion 00-72, the appointment of a school board member to serve on the planning council as the school board's representative would not violate Article II, section5(a), Florida Constitution. While the statute provides that such a position is nonvoting, it also permits the governing body of the local government to grant, as in the instant inquiry, the officer voting status on such issues.
In so providing, the Legislature has determined that there is no overall conflict between the two positions.[10] Moreover, I would note that the Supreme Court of Florida in State ex rel. Clayton v. Board of Regents[11]
considered whether common law principles precluded a governmental body from appointing one of its own members to a position over which it has appointment power. The Court concluded that conduct involving public officers, such as dual office-holding, financial benefit from office, and abuse of public trust, are directly addressed by the Constitution[12]
and thus are not governed by the common law. Thus, no common law principle precludes a member of a governmental body from appointing one of its own members to a position over which it has appointment power.
Accordingly, I am of the opinion that, as the Legislature in section163.3174(1), Florida Statutes, requires a representative of the school board to serve on the local planning agency that first reviews rezoning and comprehensive plan amendments in the county, you may, as a member of the Nassau County School Board, also serve in an ex officio capacity on the county planning and zoning board with the authority to vote on matters relating to comprehensive plan amendments and rezonings that would, if approved, increase residential density. Such a legislative exofficio designation does not violate the constitutional dual office-holding prohibition contained in Article II, section 5(a), Florida Constitution. In serving in such capacity, you would appear to be entitled to the privileges and benefits of that position.[13]
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See, e.g., Op. Att'y Gen. Fla. 80-97 (1980).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). Andsee, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] See, State v. Florida State Turnpike Authority, 80 So.2d 337, 338
(Fla. 1955); State ex rel. Gibbs v. Gordon, 189 So. 437 (Fla. 1939); Cityof Riviera Beach v. Palm Beach County Solid Waste Authority, 502 So.2d 1335
(Fla. 4th DCA 1987) (special act authorizing county commissioners to sit as members of county solid waste authority does not violate Art. II, s.5, Fla. Const.); City of Orlando v. State Department of Insurance,528 So.2d 468 (Fla. 1st DCA 1988). And see, Op. Att'y Gen. Fla. 80-97 (1980) (membership of elected municipal officer on metropolitan planning organization as prescribed by statute does not violate Art. II, s. 5, Fla. Const.).
[4] Webster's Third New International Dictionary, p. 797 (unabridged ed. 1981).
[5] 1 So.2d 636 (Fla. 1941).
[6] See, s. 1, Ch. 02-296, Laws of Florida.
[7] See, Title, Ch. 02-296, Laws of Florida. And see, Finn v. Finn,312 So.2d 726 (Fla. 1975) (title of an act, although not a part of the basic act, does has the function of defining the scope of the act) ;Parker v. State, 406 So.2d 1089 (Fla. 1981) (one indicator of Legislature's intent is the title of the law enacting the statute); Op. Att'y Gen. Fla. 99-67 (1999) (court may look to the title of an act to interpret the intent of the Legislature).
[8] See, House of Representatives, Council for Smarter Government Analysis, CS/HB 753, p. 13, February 27, 2002; House of Representatives, Lifelong Learning Council Analysis, CS/HB 753, p. 7-8, February 14, 2002; House of Representatives, Committee on Local Government 
Veterans Affairs, CS/HB 753, p. 8, February 4, 2002. And see, House Messages on SB 1906 which contained a strike everything amendment and inserted, among other things, a requirement that a representative of the school board serve on the local planning agency as a voting or nonvoting member.
[9] And see, Inf. Op. to Ms. Joni Goodman, dated May 4, 2001.
[10] Any question of conflict arising under a specific situation should be directed to the Florida Commission on Ethics.
[11] 635 So.2d 937 (Fla. 1994).
[12] See, Art. II, ss. 5 and 8, Fla. Const. 
[13] See, Op. Att'y Gen. Fla. 75-296 (1975), in which this office concluded that as an ex officio member of a board or commission, the officer is a "full member" of that body except as expressly limited by the statute designating the official to serve ex officio in the additional official capacity. You have advised this office that members of the planning board receive travel reimbursement and a stipend which is not a salary. While this office has only limited information regarding the stipend, I would note that in Op. Att'y Gen. Fla. 99-34 (1999), this office noted that members of the state fair authority, which had exofficio members, were entitled to be reimbursed for travel expenses and to be compensated for any special or full-time service performed in its behalf as officers or agents of the authority. Cf., s. 163.3174(3), Fla. Stat., authorizing the governing body to appropriate funds for salaries, fees, and expenses necessary in the conduct of the work of the local planning agency and shall also establish a schedule of fees to be charged by the agency.