Mr. Steven A. Ramunni Post Office Box 1118 LaBelle, Florida 33975
Dear Mr. Ramunni:
On behalf of the City Council of the City of Moore Haven, you ask substantially the following question:
May a member of the city council also serve as the city's building official without violating the constitutional prohibition against dual office-holding or the rule of incompatibility?
Section 5(a), Article II, Florida Constitution, provides:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, . . ."
While the constitution recognizes certain exceptions, such exceptions are not applicable to the instant inquiry.[1] Thus, this constitutional provision generally prohibits a person from simultaneously holding more than one "office" under the government of the state and the counties and municipalities. While the terms "office" and "officer" are not defined, no distinction is made between part-time or full-time officers, nor is any exception made therefor.[2]
In considering the nature of an "office," the Florida Supreme Court has stated:
"The term `office' implies a delegation of a portion of the soverveign power to, and the possession of it by, the person filling the office. . . . The term `office' embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not be contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment an an office . . . ."[3]
It is the nature of the powers and duties of a particular position that determines whether it is an "office" or an "employment." The constitutional prohibition against dual office-holding generally does not apply to those persons who are not vested with official powers in their own right but merely exercise certain powers as agents of government officers.[4]
The Supreme Court of Florida in Bath Club, Inc. v. Dade County[5]
considered the underlying purpose of the constitutional prohibition against dual office-holding:
Article II, section 5(a) was manifestly fashioned to ensure that multiple state, county, and municipal offices will not be held by the same person. Underlying this objective is the concern that a conflict of interest will arise by dual officeholding whenever the respective duties of office are inconsistent.
In Attorney General Opinion 80-97, this office, based upon excerpts from the city's code of ordinances and supplemental information supplied to this office, concluded that an inspection superintendent (denominated in the code as `building official') was a municipal officer and as such could not lawfully be appointed to or hold office as a member of a semi-autonomous board vested with and exercising a portion of the governmental or sovereign power of the city.[6] You state that the building official in the instant inquiry is responsible for the administration and implementation of the city's building construction code, including the issuance of permits, licensing and certificates of occupancy.[7] A review of the city code indicates that the building official is entitled to require special inspectors, inspections, and/or plan review for construction.[8] While the city code does not specify the building official as an "officer," the position is designated in the city code as the "Building Official" for the city.
The city code thus vests the building official with the responsibility of administering and implementing the provisions of the city code relating to building construction, including the authority to issue permits and certificates of occupation. In carrying out such responsibilities, he or she is not acting as a designee or deputy of a city officer; rather, the city code directly imposes such sovereign powers of the city on the building official.
Accordingly, I am of the view that the position of building official for the City of Moore Haven constitutes an office for purposes of Article II, section 5(a), Florida Constitution, and thus a member of the city council may not simultaneously serve as the building official for the city.[9]
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Article II, s. 5(a), Fla. Const., provides that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers.
[2] See Ops. Att'y Gen. Fla. 86-84 (1986) and 77-63 (1977).
[3] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). See also State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[4] See Op. Att'y Gen. Fla. 88-56 (1988) in which this office considered the nature of the duties performed by the position in determining whether a deputy clerk was an officer or employee. Finding that the deputy clerk performed largely the ministerial duties of an assistant to the clerk of the circuit court rather than the substitute duties of a true deputy, this office concluded that the position of deputy clerk under those circumstances constituted an employment rather than an office.
[5] 394 So.2d 110, 112 (Fla. 1981).
[6] Cf. Op. Att'y Gen. Fla. 93-42 (1993), in which this office stated that there was no violation of Art. II, s. 5(a), Fla. Const., when the duties of a community development director which included enforcing zoning codes and approving the zoning and land use portion of the building permit applications for the construction, addition and demolition of any building within the city, were merged with the duties of fire chief since this state has long recognized that the legislative designation of an officer to perform the functions of another or additional office in an ex officio capacity does not violate the dual office-holding prohibition.
[7] See s. 34-2, Moore Haven City Code.
[8] See s. 34-3C., Moore Haven City Code, stating that "[f]or other construction where special inspectors, inspections and/or plan review are required by the Building Official, additional charges will be figured separately[.]" And see s. 34-3S., Moore Haven City Code, providing that if, in the opinion of the Building Official, the valuation of a building, alteration, or structure appears to be underestimated in the contract, the request for a permit shall be denied unless the contractor can show detailed cost estimates approved by the Building Official.
[9] Regarding your inquiry concerning common law principles of incompatibility, the Supreme Court of Florida in State ex rel.Clayton v. Board of Regents, 635 So.2d 937 (Fla. 1994), considered whether common law principles precluded a governmental body from appointing one of its own members to a position over which it has appointment power. The Court concluded that "conduct involving public officers, such as dual office holding, financial benefit from office, and abuse of public trust, are issues directly addressed by State Constitution, and thus are not governed by common law." Thus, the Court held that no common law principle precluded a member of a governmental body from appointing one of its own members to a position over which it has appointment power.