Dear Mr. Jett:
You have requested my opinion on substantially the following question:
May a deputy clerk of court, employed in the recording department within the Clerk of Court's office, also hold an elected position as a county commissioner without violating the dual office-holding prohibition contained in Article II, section 5(a), Florida Constitution?
In sum:
A deputy clerk of court, employed in the recording department within the Clerk of Court's office as the Director of Special Projects, may also hold an elected position as a county commissioner without violating the dual office-holding prohibition contained in Article II, section 5(a), Florida Constitution.
As the Clay County Clerk of the Circuit Court, responsible for the operation of the Clerk of Court's office, you have asked whether an employee of that office who works in the recording department may simultaneously hold the position of county commissioner without violating the constitutional dual office-holding prohibition. You advise that as a deputy clerk of court this employee is not vested with any powers in his own right, but merely acts as an agent of the elected clerk of courts in fulfilling his duties and responsibilities. These duties are ministerial and he performs them as they are assigned to him by the clerk of courts. As the head of the agency, you are concerned that the acceptance of an office by a member of your staff may result in a vacancy in the position of deputy clerk in light of the constitutional prohibition against dual office-holding.[1]
Article II, section 5(a), Florida Constitution, provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers."
This constitutional provision prohibits a person from serving simultaneously in more than one state, county, or municipal office. The prohibition applies to both elected and appointed offices.[2] It is not necessary that the two offices be located within the same governmental unit or local jurisdiction. Thus, for example, a municipal officer is precluded from holding not only another municipal office within his or her municipality, but also a municipal office in another jurisdiction. Likewise, a municipal officer is precluded from simultaneously holding a state or county office within or outside his home county.
While the term "office" is not defined by the Constitution, the Supreme Court of Florida has stated that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office. . . ."[3] In the absence of any definition of the term "office" or "officer" for purposes of interpreting the constitutional dual office-holding prohibition, the issue becomes whether a particular undertaking constitutes an "office" or is instead an "employment." Employment does not subject the holder of the position to dual office-holding considerations since the courts have determined that employment does not involve the delegation of any of the sovereign power of the state.[4]
The Florida Supreme Court has stated that a person in government service, who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature and defined by rules prescribed by government and not by contract, consisting of the exercise of important public powers, trusts, or duties, as part of the regular administration of the government is a public officer.[5] Every "office," as that term is used in the constitution, implies an authority to exercise some portion of the sovereign power, either in making, executing, or administering the laws.[6] Thus, it is the delegation of any part of the authority of the sovereign that distinguishes an officer from an employee.
Service on the governing body of a governmental entity, such as a city or county, clearly constitutes an office.[7] Thus, as an elected county commissioner your employee is or will be an officer for purposes of the constitutional provision. The issue, then, is whether service as a deputy clerk of court is an office.
This office has stated previously that the constitutional prohibition against dual office-holding does not generally apply to those persons who are not vested with official powers in their own right, but merely exercise certain powers as agents of governmental officers. Thus, in Attorney General Opinion 88-56, this office focused on the nature of the duties performed by a deputy clerk in determining whether he was an officer or an employee. Finding that the deputy clerk performed largely ministerial duties as an assistant to the clerk rather than the substitute duties of a true deputy, this office concluded that the position of deputy clerk under those circumstances evinced an employment rather than an office.[8]
You have stated in your letter that this position is not vested with any powers in its own right. Rather, the deputy clerk performs ministerial duties and responsibilities as those are assigned by the clerk of courts. A copy of the job description provided by your office indicates that the Director of Special Projects works within the Clerk's recording department to supervise the office's move to a paperless court work environment:
"He/she serves as a supervisor for the special projects team with primary responsibilities of developing procedures, evaluate methods, organize and implement the scanning, linking, and subsequent destruction of court cases paper files to create a total electronic court case environment.
The purpose of this special projects team is to achieve the goal of the Clerk of Court's office in providing a total paperless court system and eliminate all paper files by converting them to electronic case files."[9]
While the Director of Special Projects is obviously a significant part of the Clerk of Court's team, I cannot say from this description that this position constitutes an office subject to the dual office-holding prohibition.
Therefore, it is my opinion that a deputy clerk of court, employed in the recording department within the Clerk of Court's office as the Director of Special Projects, may also hold an elected position as a county commissioner without violating the dual office-holding prohibition contained in Article II, section 5(a), Florida Constitution.
Finally, I would note that while the viability of a common law rule of incompatibility is questionable in this state following the Florida Supreme Court's holding in State ex rel. Clayton v. Board ofRegents, [10] for many years Florida courts and this office recognized such a rule. The purpose of the common law rule of incompatibility was to assure not only the actuality of undivided loyalty, but also the appearance of undivided loyalty.[11] As one court stated:
"Incompatibility exists `where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another.' . . . If the duties of the two offices are such that when `placed in one person they might disserve the public interests, or if the respective offices might or will conflict even on rare occasions it is sufficient to declare them legally incompatible.'"[12]
Thus, this office stated that a conflict between the duties and functions of the two offices exists where one was subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one had the power to appoint or remove or set the salary or the other, or where the duties clash, inviting the incumbent to prefer one obligation over the other.[13]
The common law rule was also applicable to an officer seeking employment that was incompatible with the duties and functions of his or her office.[14]
With regard to any incompatibility in the two positions involved in your request, you have advised this office that the Clay County Clerk of Courts has been eliminated from the county budgetary process through changes to the Florida Constitution requiring clerks' offices to be funded through fees and service charges collected by that office and handled by the State of Florida and the Clerks of Court Operations Corporation.[15] The deputy clerk about whom you inquire is paid from fees generated from within the recording department of your office. His position as a deputy clerk of court does not appear to be subordinate or subject in any way to the office of county commissioner to which he seeks election. Thus, while the common law rule of incompatibility no longer appears to be a concern for governmental officers in Florida, in the situation you have presented application of that rule would not preclude the accomplishment of these two positions by one individual.
Sincerely,
 Pam Bondi Attorney General
PB/tgh
[1] See In re Advisory Opinion to the Governor,79 So. 874 (Fla. 1918) (when a person holding one office is appointed to and accepts another office, such appointment and acceptance vacates the person's right and status to the first office); and Ops. Att'y Gen. Fla. 06-27 (2006), 06-13 (2006), 94-40 (1994), and 77-63 (1977).Cf. Holley v. Adams, 238 So. 2d 401, 407 (Fla. 1970) (acceptance of an incompatible office by one already holding office operates as a resignation of the first).
[2] See Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[3] See State ex rel. Holloway v. Sheats,83 So. 508, 509 (Fla. 1919).
[4] See State ex rel. Holloway v. Sheats, 83 So. 508 (Fla. 1919) ("An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes perhaps the most decisive difference between an employment and an office, and between an employee and an officer"). And see, e.g., Ops. Att'y Gen. Fla. 96-91 (1996) (special master of county value adjustment board an officer); 84-93 (1984) (legal counsel to local government code enforcement board an employee); and 73-332 (1973) (attorney for county commission an employee).
[5] State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[6] See State ex rel. Holloway v. Sheats,83 So. 508, 509 (Fla. 1919) ("An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office, and between an employe[e] and an officer."). And see
Ops. Att'y Gen. Fla. 10-19 (2010), 96-91 (1996), and 84-93 (1984) (legal counsel to local government code enforcement board an employee).
[7] See Ops. Att'y Gen. Fla. 08-15 (2008), 05-59 (2005), 72-348 (1972), and 74-73 (1974).
[8] And see Op. Att'y Gen. Fla. 96-48 (1996).
[9] See Clay County Clerk of Court Job Description for Director of Special Projects.
[10] 635 So. 2d 937 (Fla. 1994).
[11] See Ops. Att'y Gen. Fla. 93-42 (1993) and 88-56 (1988).
[12] Gryzik v. State, 380 So. 2d 1102, 1104 (Fla. 1st DCA 1980),petition for review denied, 388 So. 2d 1113 (Fla. 1980).
[13] See, e.g., Ops. Att'y Gen. Fla. 72-348 (1972) (city council may not appoint one of its own members as chief of police); 72-102 (1972) (board of trustees of hospital district should not appoint one of its members to the position of consulting pharmacist at a nominal fee); 73-359 (1973) and 80-17 (1980) (board of county commissioners may not appoint one of its own members to serve on governing board of special district); and 75-60 (1975) (county commission should not appoint one of its members to county industrial authority).
[14] See Op. Att'y Gen. Fla. 70-46 (1970).
[15] See ss. 28.35 — 28.37, Fla. Stat.