# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2237
Lower Tribunal No. 14-20667

_____

## Graciela Solares,
Appellant,

vs.

## City of Miami, etc., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Carroll Law Firm, and Linda L. Carroll, for appellant.

Victoria Mendez, City Attorney, John A. Greco, Deputy City Attorney, Warren Bittner, Deputy Emeritus, and Forrest L. Andrews, Assistant City Attorney, for appellee City of Miami; Feigeles Avallone & Haimo LLP, and Julie Feigeles; White & Case LLP, and Raoul G. Cantero, Evan M. Goldenberg, and Christopher Swift-Perez, for appellee Skyrise Miami, LLC; Greenberg Traurig, P.A., and Alan T. Dimond, Elliot H. Scherker, Brigid F. Cech Samole, and Jay A. Yagoda, for appellee Bayside Marketplace, LLC.

Before SHEPHERD, C.J., and SUAREZ and LOGUE, JJ.

LOGUE, J.

Graciela Solares filed a lawsuit challenging the City of Miami's extension of a lease with Bayside Marketplace, LLC, and allowance of a sublease of a portion of the property to SkyRise Miami, LLC, for development of a tower. Although the trial court ruled against Solares on the merits, it also indicated that it doubted Solares had standing. The City's voters subsequently approved the extension and sublease in a referendum. In her appeal to this court, Solares candidly and commendably conceded she brought her claims in her capacity as a citizen and taxpayer, but that she had no special injury, different from the injury to other citizens or taxpayers, and that her claim was not based on the violation of a provision of the Constitution that governs the taxing and spending powers.

For a court of law operating as one of the three branches of government under the doctrine of the separation of powers, standing is a threshold issue which must be resolved before reaching the merits of a case. Before a court can consider whether an action is illegal, the court must be presented with a justiciable case or controversy between parties who have standing. Ferreiro v. Philadelphia Indem. Ins. Co., 928 So. 2d 374, 376 (Fla. 3d DCA 2006) ("The issue of standing is a threshold inquiry which must be made at the outset of the case before addressing [the merits].").

In a line of cases that Solares did not address in her briefs, the Florida Supreme Court has repeatedly held that citizens and taxpayers lack standing to

challenge a governmental action unless they demonstrate either a special injury, different from the injuries to other citizens and taxpayers, or unless the claim is based on the violation of a provision of the Constitution that governs the taxing and spending powers. Sch. Bd. of Volusia Cnty. v. Clayton, 691 So. 2d 1066, 1068 (Fla. 1997) ("The requirement that a taxpayer seeking standing allege a 'special injury' or a 'constitutional challenge' is consistent with long established precedent."); N. Broward Hosp. Dist. v. Fornes, 476 So. 2d 154, 155 (Fla. 1985) ("It has long been the rule in Florida that, in the absence of a constitutional challenge, a taxpayer may bring suit only upon a showing of special injury which is distinct from that suffered by other taxpayers in the taxing district.") (citations and quotations omitted); Henry L. Doherty & Co. v. Joachim, 200 So. 238, 240 (Fla. 1941) (stating that a mere increase in taxes does not confer standing on a taxpayer seeking to challenge a government expenditure); Rickman v. Whitehurst, 74 So. 205, 207 (Fla. 1917) (requiring that taxpayer suffer special injury before standing is conveyed).

Applying the principles announced in these cases to her own admissions that she had no special injury, Solares lacks standing. See Alachua Cnty. v. Scharps, 855 So. 2d 195, 198-99 (Fla. 1st DCA 2003) (holding a taxpayer with no "special injury" lacked standing to challenge a resolution passed by a county which directed

3

that a referendum be placed on a general election ballot, because no exception to the "special injury" rule applied).

The arguments advanced by Solares do not change this result. First, we cannot, as Solares does, simply ignore these controlling precedents. As judges sitting on a District Court of Appeal, "[w]e are bound to follow the case law set forth by the Florida Supreme Court. . . ." Carrithers v. Cornett's Spirit of Suwannee, Inc., 93 So. 3d 1240, 1242 (Fla. 1st DCA 2012); see also Hoffman v. Jones, 280 So. 2d 431, 440 (Fla. 1973) ("[A] District Court of Appeal does not have the authority to overrule a decision of the Supreme Court of Florida."); State v. Lott, 286 So. 2d 565, 566 (Fla. 1973) ("[T]he District Courts of Appeal follow controlling precedents set by the Florida Supreme Court.").

Second, the Supreme Court has made clear that "unique circumstances" are not an exception to the standing requirement. Clayton, 691 So. 2d at 1068. Third, a city charter does not rise to the level of the Florida Constitution for purposes of creating an exception to standing. Unlike the taxing and spending provisions of the Constitution, a city charter cannot expand or contract the principle of standing which ultimately sounds in the express separation of powers provision of Article II, Section 3 of the Florida Constitution.

Fourth, cases recognizing the standing of property owners and residents to challenge zoning decisions do not create an exception to the special injury

requirement, they simply identify a type of special injury. <u>Renard v. Dade Cnty.</u>, 261 So. 2d 832, 837 (Fla. 1972) ("An aggrieved or adversely affected person having standing to sue is a person who has a legally recognizable interest which is or will be affected by the action of the zoning authority in question. The interest may be one shared in common with a number of other members of the community as where an entire neighborhood is affected, but not every resident and property owner of a municipality can, as a general rule, claim such an interest.").

Finally, the argument that Solares must have standing because otherwise no one would have standing is the perennial argument of parties that lack standing. It presents the same reoccurring question with the same reoccurring answer. Even if one accepts the doubtful assumption that no one else has standing, Solares's argument in this regard has been rejected repeatedly by such authority as the United States Supreme Court, as recently as 2013: "[t]he assumption that if respondents have no standing to sue, no one would have standing, is not a reason to find standing." <u>Clapper v. Amnesty Int'l USA</u>, 133 S. Ct. 1138, 1142 (2013) (citations and quotations omitted); <u>Schlesinger v. Reservists Comm. to Stop the War</u>, 418 U.S. 208, 227 (1974) ("The assumption that if respondents have no standing to sue, no one would have standing, is not a reason to find standing."). If accepted, Solares's argument would reduce standing to a nullity. <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.</u>, 454 U.S.

5

464, 489 (1982) (rejecting the argument that standing must be allowed to a party if no one else has standing because "[t]his view would convert standing into a requirement that must be observed only when satisfied").

These United States Supreme Court cases interpreting standing under the federal constitution while obviously not binding on a Florida court's interpretation of standing under the Florida constitution are nevertheless persuasive. Florida courts often look to federal cases when resolving issues of standing. See e.g., Dep't of Educ. v. Lewis, 416 So. 2d 455, 459 (Fla. 1982) (citing to Flast v. Cohen, 392 U.S. 83, 88 (1968), for the proposition that taxpayers have standing to challenge statute alleged to exceed specific constitutional limits on the taxing and spending power).

Affirmed.