# Third District Court of Appeal
## State of Florida

Opinion filed April 8, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1789
Lower Tribunal No. 18-CF-97-A-K
_____

**Billy Baker,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Billy Baker, in proper person.

James Uthmeier, Attorney General, and Daniel Colmenares, Assistant Attorney General, for respondent.

Before SCALES, C.J., and LOBREE, and GOODEN, JJ.

PER CURIAM.

Petitioner Billy Baker was convicted of the second degree murder of his fiancée, Candice Cooper. He was sentenced to life in prison. We affirmed his conviction and sentence. See Baker v. State, 364 So. 3d 1072 (Fla. 3d DCA 2023).

Baker now petitions this Court for a writ of habeas corpus. He alleges ineffective assistance of appellate counsel during the direct appeal.

> The criteria for proving ineffective assistance of appellate counsel parallel the *Strickland* standard for ineffective trial counsel: Petitioner must show 1) specific errors or omissions which show that appellate counsel's performance deviated from the norm or fell outside the range of professionally acceptable performance and 2) the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.

Wilson v. Wainwright, 474 So. 2d 1162, 1163 (Fla. 1985).

Relying on State v. Montgomery, 39 So. 3d 252 (Fla. 2010), Baker asserts that appellate counsel failed to argue that the trial court committed fundamental error when it instructed the jury on the lesser-included crime of attempted voluntary manslaughter by act. But before Baker's case even went to trial, the Florida Supreme Court receded from Montgomery as it was "predicated on Florida's jury pardon doctrine." Knight v. State, 286 So. 3d 147, 154 (Fla. 2019). Thus, any argument relying on Montgomery would have been rejected by our Court. See Hoffman v. Jones, 280 So. 2d 431,

440 (Fla. 1973) ("District Court of Appeal does not have the authority to overrule a decision of the Supreme Court of Florida."); <u>Solares v. City of Miami</u>, 166 So. 3d 887, 888 (Fla. 3d DCA 2015) ("As judges sitting on a District Court of Appeal, we are bound to follow the case law set forth by the Florida Supreme Court.") (citation modified). "Counsel cannot be deemed deficient for failing to make a meritless argument." <u>Merck v. State</u>, 124 So. 3d 785, 800 (Fla. 2013). <u>See also</u> <u>Rutherford v. Moore</u>, 774 So. 2d 637, 643 (Fla. 2000) ("If a legal issue would in all probability have been found to be without merit had counsel raised the issue on direct appeal, the failure of appellate counsel to raise the meritless issue will not render appellate counsel's performance ineffective.") (internal citations omitted).[1]

Petition denied.

---

[1] We reject Baker's second argument without further discussion.